NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 26 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-778 |
| Plaintiff - Appellee, | D.C. No. 1:16-cr-00783-LEK-1 |
| v. | |
| DUANE FOMAI LIUPAONO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

Duane Fomai Liupaono appeals from the district court's judgment revoking

his supervised release and imposing a sentence of 12 months and 1 day. We have

jurisdiction under 28 U.S.C § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Liupaono's request to waive
oral argument is granted.

Liupaono first contends that there was insufficient evidence to support the finding that he knowingly violated supervised release in light of an alleged ambiguity created by certain supervised release conditions in his prior revocation judgment. However, a preponderance of the evidence showed that Liupaono was aware of his obligation to report to Sand Island Treatment Center upon his release and knowingly failed to follow the instructions of his probation officer to do so. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (supervised release violation must be supported by a preponderance of the evidence). The court, therefore, did not abuse its discretion in revoking supervised release. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008).[1]

Liupaono next contends that the district court implicitly based his sentence on the need to provide just punishment and promote respect for the law, which are impermissible factors. The district court did not plainly err because it did not rely on 18 U.S.C. § 3553(a)(2)(A) "expressly or by unmistakable application." *Esteras v. United States*, 145 S. Ct. 2031, 2045 (2025). To the contrary, the court properly treated Liupaono's "complete disregard" of the orders of probation and the court as a measure of the severity of Liupaono's breach of the court's trust. *See United*

---

[1] Liupaono also argues that special condition three in his prior revocation judgment impermissibly delegated to the probation officer the authority to determine the duration of inpatient treatment. However, Liupaono was not found to have violated special condition three, nor did the court reimpose that condition, in these proceedings.

*States v. Taylor*, _ F.4th _, No. 24-1244, 2025 WL 2525850 at *7-8 (9th Cir. Sept. 3, 2025). Moreover, the court adequately explained its reasons for the above-Guidelines sentence. *See id.* at *6-7.

Lastly, Liupaono argues the sentence is substantively unreasonable because he lacked clear notice of what was required of him on supervised release, and he did not act deliberately. The district court considered these arguments but found that Liupaono knowingly violated probation's clear instructions. In light of this finding, which is supported by the record, and the 18 U.S.C. § 3583(e) factors, the above-Guidelines sentence is substantively reasonable and the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**